UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT J. ANDRIS, and
AVONDALE DÉCOR, LLC,

    Plaintiffs,

v.                        Case No: 2:25-cv-450-JES-NPM

CAPITAL SOLUTIONS BANCORP, LLC,

    Defendant.

_____

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on May 28, 2025.[1] Subject matter jurisdiction is premised on the presence of a diversity of citizenship between the parties. (Id., ¶ 4.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The Court is satisfied that the amount in controversy is met based on the allegations that plaintiff LLC has transferred to defendant in excess of $13 million in invoices and

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

incurred over $1.2 million in interest from service fees. (Doc. #1 at ¶ 34.)

Plaintiff alleges that Robert Andris is a natural person and a "resident" of Virginia. (Id. at 1.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be *domiciled* within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (emphasis added). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). Therefore, the citizenship allegations for Robert Andris are insufficient.

Plaintiff Avondale Décor, LLC is identified as a corporation that is incorporated in Virginia, however as an "LLC", or a limited liability company, this plaintiff is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Plaintiff

has not identified any members or their individual citizenships and therefore the allegations of citizenship are inadequate.

Plaintiff alleges that defendant Capital Solutions Bancorp. LLC is a Florida limited liability company with a principal address in Fort Myers, Florida. Again, no members are identified, and citizenship of a limited liability company is based on the citizenship of its members. Id.

The Complaint fails to state the domicile and citizenship of the parties to establish subject matter jurisdiction. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is **dismissed** for lack of subject matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of May 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record