UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ROBERT J. ANDRIS and
AVONDALE DÉCOR, LLC

    Plaintiffs,

v.

CAPITAL SOLUTIONS BANCORP LLC,

    Defendant.
_____/

CASE NO. 2:25-cv-450-JES-NPM

**DEFENDANT CAPITAL SOLUTIONS BANCORP, LLC'S PARTIAL MOTION TO DISMISS COUNTS I AND III OF PLAINTIFFS' AMENDED COMPLAINT**

Defendant Capital Solutions Bancorp, LLC ("CSB"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Counts I and III of the Amended Complaint[1] filed by Plaintiffs Robert J. Andris ("Andris") and Avondale Décor, LLC ("Avondale") (collectively, "Plaintiffs") and states as follows:

This action arises out of an accounts receivable purchase agreement between CSB and Avondale (the "Agreement"). Pursuant to the Agreement, Avondale

---

[1] CSB has not yet submitted its Answer to the remaining count of Plaintiffs' Amended Complaint. CSB reserves the right to respond to the Amended Complaint after the disposition of this Motion. *See Ferk v. Mitchell*, 14–cv–21916, 2014 WL 7369646, *4 (S.D. Fla. Dec. 29, 2014); *see also Beaulieu v. Bd. Of Trustees of Univ. of West Florida,* Case No. 3:07–cv–30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) ("a party need not file an answer while a partial motion to dismiss is pending…").

agreed to sell, and CSB agreed to purchase, certain of Avondale's Accounts (as defined in the Agreement) and Avondale granted to CSB a continuing security interest in and to the Collateral (as defined in the Agreement) now owned or hereafter acquired by Avondale. Additionally, Andris executed and delivered to CSB an Individual Guaranty and Security Agreement (the "Guaranty"), whereby, among other things, Andris unconditionally and irrevocably guaranteed to CSB the prompt payment and performance of the Guaranteed Obligations (as defined).

Plaintiffs initiated this action, largely challenging the fees charged by CSB as criminally usurious under Florida Law and alleging that CSB breached the Agreement by overcharging fees. While CSB does not admit that the transactions between CSB and Plaintiffs were loans – the Agreement involved the true sale purchase of Avondale's receivables, which makes usury inapplicable – for purposes of a motion to dismiss, CSB concedes that the Court must treat Plaintiffs' allegations as true. Even reviewing the Amended Complaint through that prism, as more fully set forth below, Plaintiffs' Amended Complaint fails to state a cause of action as, pursuant to the Agreement, Virginia Law, not Florida Law, applies and as Virginia Law does not apply usury to transactions exceeding $5,000.00. As such, Counts I and III of the Amended Complaint should be dismissed.

# LEGAL ARGUMENT

**I.     Standard for Motion to Dismiss.**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

**II.    Count I must be dismissed because Virginia Law, not Florida Law, applies and because Andris waived any right to claim usury.**

Count I is brought on behalf of Avondale and Andris and is a claim for criminal usury pursuant to Fla. Stat. § 687.071(2).

Paragraph 27 of the Agreement states:

> This Agreement and all transactions contemplated hereunder and/or evidenced hereby shall be governed by, construed under, and enforced in accordance with the internal laws of the Chosen State.

Pursuant to Paragraph 36.8 of the Agreement, the Chosen State is defined as Virginia.[2] Florida courts "will generally enforce choice-of-law provisions 'unless the law of the chosen forum contravenes strong public policy.'" *Walls v. Quick & Reilly, Inc.*, 824 So.2d 1016, 1018 (Fla. 5th DCA 2002) (quoting *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So.2d 306, 311 (Fla.2000)). Under Florida law, contractual choice-of-law provisions are presumptively

---

[2] Avondale is a Virginia limited liability company. Amended Complaint, ¶ 2.

3

enforceable. *Default Proof Credit Card Sys., Inc. v. Friedland*, 992 So. 2d 442, 444 (Fla. 3d DCA 2008). Here, there is no evidence that Virginia's laws contravene public policy or that Florida public policy would be contravened by applying Virginia Law. Accordingly, because Virginia law governs the parties' agreement, Plaintiffs' claim for criminal usury under Fla. Stat. § 687.071(2) is legally insufficient and must be dismissed.

More, because the choice of law issue is set forth in the Agreement, which is an exhibit to Plaintiffs' Amended Complaint, the choice of law issue is appropriate at this stage of the litigation. *See*, *Flickinger v. Love's Travel Stops & Country Stores, Inc.*, 8:20-CV-2212-T-33CPT, 2020 WL 6484974, at *2 (M.D. Fla. Nov. 4, 2020)) (addressing choice of law issue by finding that "the facts unquestionably favor the application of Georgia substantive law" and citing *In re Takata Airbag Prods. Liab. Litig.*, No. 14-24009-CV-MORENO, 2016 WL 6072406, at *3 (S.D. Fla. Oct. 14, 2016) (finding choice of law issue could be addressed at motion-to-dismiss stage because no further factual development was necessary).

Additionally, while the Guaranty is governed by Florida Law, pursuant to paragraph 8.4 of the Guaranty, Andris explicitly waived "any claim of usury." Usury is a purely personal defense which may be availed of, or waived, at the election of the party aggrieved. *Gunn Plumbing, Inc. v. Dania Bank*, 252 So. 2d 1 (Fla. 1971); *see also, Mackey v. Thompson,* 153 Fla. 210, 14 So. 2d 571 (1943) ("Moreover,

usury being a purely personal defense which may be availed of, or waived, at the election of the party aggrieved, it has no special claims upon the indulgence and favor of the court, but must be disposed of upon the same principles and in the same manner as other defenses."). Based upon the plain language of the Guaranty, Andris waived any right to a claim of usury.

The Agreement and the transactions contemplated thereunder are governed and enforced in accordance with Virginia Law, not Florida Law, as such, Florida's criminal usury statutes are inapplicable. More, to the extent that Andris had any claims to raise usury as a defense or claim, he waived those rights pursuant to the plain language of the Guaranty. As such, Count I must be dismissed with prejudice.

**III.   Count III must be dismissed because Virginia Law applies to the allegations raised in this Count and therefore a claim for violation of a Florida Statute is improper.**

Plaintiffs' Count III is for alleged violations of Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201). This claim must be dismissed for the same reasons as Count I – the "unconscionable and unfair methods" alleged by Plaintiffs have to do with Plaintiffs' allegations that CSB "charged interest rates higher than the legal limit for non-usurious loans established in Fla. Stat. § 687.03(1)." Amended Complaint ¶ 82. More, the fees and charges that Plaintiffs complains about all arise out of the Agreement. As set forth above, the Agreement is governed by Virginia Law, not Florida Law. As such, Plaintiffs cannot claim that these fees and charges

5

were usurious under Florida Law as Virginia Law governs these transactions. More, because Virginia has no counterpart to FDUTPA, Plaintiffs' statutory consumer protection claim under Florida law cannot stand. Therefore, Count III must be dismissed with prejudice.

WHEREFORE, CSB respectfully requests that this Court dismiss Counts I and III of Plaintiffs' Amended Complaint, with prejudice, and award any other relief this Court deems necessary and proper.

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by using the CM/ECF system on July 14, 2025 on all counsel or parties of record on the Service List below:

|  |  |  |
|---|---|---|
|  | **LOREN & KEAN LAW** |  |
|  | Attorneys for CSB |  |
|  | 7121 Fairway Drive, Suite 104<br>Palm Beach Gardens, FL  33418 |  |
|  | Phone:  (561) 615-5701<br>Fax:     (561) 615-5708 |  |
|  |  |  |
|  | *s/ Allen J. Heffner* |  |
|  | **ALLEN J. HEFFNER** |  |
|  | Florida Bar No. 84252 |  |
|  | aheffner@lorenkeanlaw.com |  |
|  | mmarin@lorenkeanlaw.com |  |
|  | *s/ Bruce E. Loren* |  |
|  | **BRUCE E. LOREN** |  |
|  | Florida Bar No. 947105 |  |
|  | bloren@lorenkeanlaw.com |  |
|  | clucht@lorenkeanlaw.com |  |

## **Local Rule 3.01(g) Certification**

I certify that prior to filing this Motion, on July 10, 2025, I discussed the relief requested by this Motion with counsel for Plaintiffs by telephone and Plaintiffs' counsel does not agree with the relief sought in the Motion.

*s/ Allen J. Heffner*
**ALLEN J. HEFFNER**