DocuSign Envelope ID: 24A1555A7ABC-49E9-08DD-7A37D2FFEA)

## SECOND AMENDMENT OF ACCOUNTS RECEIVABLE PURCHASE AGREEMENT

This **SECOND AMENDMENT TO THE ACCOUNTS RECEIVABLE PURCHASE AGREEMENT** ("Amendment") is dated as of April 20, 2020, between **AVONDALE DÉCOR, LLC.** ("Seller") and **CAPITAL SOLUTIONS BANCORP, LLC** ("Purchaser").

## RECITALS

A. The Parties wish to amend the Agreement by amending the recourse provisions of the Agreement.

B. The Parties wish that this amendment be effective as of the Effective Date.

NOW, THEREFORE, in consideration of the premises, and intending to be legally bound hereby, the Parties hereby agree as follows:

## AGREEMENT

1. **DEFINITIONS.**

    1.1 All capitalized terms used but not defined herein shall be as defined in the Agreement. The following terms used herein are defined as follows:

    1.1.1 "**Agreement**" – That certain Accounts Receivable Purchase Agreement dated February 12, 2019 between Seller and Purchaser as may have been amended from time to time.

    1.1.2 "**Effective Date**" - The date of the Agreement.

    1.1.3 "**Parties**" – Seller and Purchaser.

    1.1.4 "**Purchaser**" – See Preamble.

    1.1.5 "**Seller**" – See Preamble.

2. **AMENDMENT OF THE AGREEMENT.**

    2.1 Section 1.1.1 of the Agreement is hereby amended and restated in its entirety as follows:

    1.1.1 From time to time, Seller may offer to sell to Purchaser, as absolute owner, with full recourse, some or all of Seller's Accounts.

    2.2 Section 1.1.2 of the Agreement is hereby amended and restated as follows:

    1.1.2  Reserved.

    2.3 Section 2.5 of the Agreement is hereby amended and restated in its entirety as follow:

2.5. Reserved.

2.4 Section 2.7.1(b) of the Agreement is hereby amended to replace "6.1.2." with "6.1."

2.5 Section 6 of the Agreement is hereby amended and restated in its entirety as follows:

6. **Repurchase of Accounts.**

6.1. Seller shall repurchase, by payment of the then unpaid Face Amount thereof, together with any unpaid fees relating to the Purchased Account on demand, or, at Purchaser's option, by Purchaser's charge to the Reserve Account:

6.1.1. Any Purchased Account, the payment of which has been disputed by the Payor or the Account Debtor obligated thereon, Purchaser being under no obligation to determine the bona fides of such dispute;

6.1.2. Any Purchased Account regarding which Seller has breached any warranty as set forth in the Section 13.4.

6.1.3. Any Purchased Account owing from an Account Debtor or Payor which (i) in Purchaser's reasonable credit judgment has become insolvent or (ii) which has indicated an inability or unwillingness to pay the Purchased Account when due;

6.1.4 All Purchased Accounts upon the occurrence of an Event of Default, or upon the Termination Date of this Agreement; and

6.1.5. Any Purchased Account that remains unpaid beyond the Late Payment Date.

2.6 Section 11.7.1 of the Agreement is hereby amended and restated in its entirety as follows:

11.7.1 Seller shall indemnify Purchaser from any loss arising out of the assertion of any Avoidance Claim and shall pay to Purchaser on demand the amount thereof.

2.7 In Section 13.4.2 of the Agreement is hereby amended and restated in its entirety as follows:

13.4.2. To the best of Seller's knowledge, unconditionally owed and will be paid to Purchaser without defenses, disputes, offsets, counterclaims, or rights of return or cancellation.

2.8 Section 21.1. of the Agreement is hereby amended to replace "Maximum Rate" with "maximum rate of non-usurious interest permitted by applicable law".

2.9 Section 36.12.3 is hereby amended to replace "35.12.3" for "36.12.3".

    2.10 Section 36.20 of the Agreement is hereby amended and restated in its entirety as follows:

        36.20.Reserved.

    2.11 Section 36.21 of the Agreement is hereby amended and restated in its entirety as follows:

        36.21.Reserved.

    2.12 Section 36.40 of the Agreement is hereby amended and restated in its entirety as follows:

        36.41. Reserved.

3. **EFFECTIVE DATE**

    3.1 This amendment shall be effective as of the Effective Date.

4. **MODIFICATION.**

    4.1 Except as expressly modified hereby, the Agreement shall remain unchanged and in full force and effect.

5. **CONFLICTS.**

    5.1 If a conflict exists between the provisions of the Agreement and the provisions of this Amendment, the provisions of this Amendment shall control.

6. **COUNTERPARTS.**

    6.1 This Amendment may be signed in any number of counterparts, each of which shall be an original, with the same effect as if all signatures were upon the same instrument. Delivery of an executed counterpart of the signature page to this Amendment by facsimile shall be effective as delivery of a manually executed counterpart of this Amendment, and any party delivering such an executed counterpart of the signature page to this Amendment by facsimile to any other party shall thereafter also promptly deliver a manually executed counterpart of this Amendment to such other party, provided that the failure to deliver such manually executed counterpart shall not affect the validity, enforceability, or binding effect of this Amendment.

    IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be duly executed and delivered by their respective officers thereunto duly authorized as of the date first above written.

        *[Rest of the page is blank – Signature page follows]*

DocuSign Envelope ID: 24GA15DB974B6-49E2-6BN6-M367D9EEA)

| | |
|---|---|
| SELLER: | **AVONDALE DÉCOR, LLC.** |
| | By: *Robert J. Andris* (DocuSigned) 574B0CEC72164F7... |
| | Name: Robert J. Andris |
| | Title: President |
| | |
| PURCHASER: | **CAPITAL SOLUTIONS BANCORP, LLC** |
| | By: *Carlos Weil* (DocuSigned) 5C75BDDCAABE480... |
| | Name: Carlos Weil |
| | Title: C.E.O |