UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ROBERT J. ANDRIS and
AVONDALE DÉCOR, LLC

    Plaintiffs,

v.                                    CASE NO. 2:25-cv-450-JES-NPM

CAPITAL SOLUTIONS BANCORP LLC,

    Defendant.
_____/

**DEFENDANT'S PARTIAL MOTION TO DISMISS COUNTS I, III, V, VI, AND VIII OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Capital Solutions Bancorp, LLC ("CSB"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Counts I, III, V, VI, and VIII of plaintiffs', Avondale Décor, LLC ("Avondale") and Robert J. Andris ("Andris") (collectively, "Plaintiffs") Second Amended Complaint (the "SAC")[1] and states as follows:

---

[1] CSB has not yet submitted its Answer to the remaining count of Plaintiffs' SAC. CSB reserves the right to respond to the remaining counts of the SAC after the disposition of this Motion. *See Ferk v. Mitchell*, 14–cv–21916, 2014 WL 7369646, *4 (S.D. Fla. Dec. 29, 2014); *see also Beaulieu v. Bd. Of Trustees of Univ. of West Florida,* Case No. 3:07–cv–30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) ("a party need not file an answer while a partial motion to dismiss is pending…").

This action arises out of an accounts receivable purchase agreement between CSB and Avondale (the "Agreement"). Pursuant to the Agreement, Avondale agreed to sell, and CSB agreed to purchase, certain of Avondale's Accounts (as defined in the Agreement) and Avondale granted to CSB a continuing security interest in and to the Collateral (as defined in the Agreement) now owned or hereafter acquired by Avondale. Additionally, Andris executed and delivered to CSB an Individual Guaranty and Security Agreement (the "Guaranty"), whereby, among other things, Andris unconditionally and irrevocably guaranteed to CSB the prompt payment and performance of the Guaranteed Obligations (as defined).

Plaintiffs initiated this action, largely challenging the fees charged by CSB as criminally usurious under Florida Law and alleging that CSB breached the Agreement by overcharging fees. While CSB does not admit that the transactions between CSB and Plaintiffs were loans – the Agreement involved the true sale purchase of Avondale's receivables, which makes usury inapplicable – for purposes of a motion to dismiss, CSB concedes that the Court must treat Plaintiffs' allegations as true. Even reviewing the Second Amended Complaint through that prism, as more fully set forth below, Plaintiffs' Second Amended Complaint fails to state a cause of action as, pursuant to the Agreement, Virginia Law, not Florida Law, applies and as Virginia Law does not apply usury to transactions exceeding $5,000.00.

If these issues sound familiar, it is because on August 18, 2025, this Court entered an Opinion and Order granting CSB's Partial Motion to Dismiss relating to the same issues (the "Order"). In the Order, the Court agreed with CSB's argument that Virginia Law applies to this transaction and as Virginia Law does not apply usury to transactions exceeding $5,000.00, Counts I and III were dismissed without prejudice. Additionally, the Court held that Andris lacked standing to bring any cause of action against CSB as the alleged damages, to the extent that any exist, were incurred by Avondale, not Andris.

Plaintiffs have now filed their Second Amended Complaint, which includes allegations Virginia Law should not apply because Virginia does not have a significant relationship with the underlying transactions. This argument completely ignores the fact that Adris is a "citizen of the state of Virginia who is domiciled in Albermarle County, Virginia" and that Avondale is a "Virginia limited liability company that has its principal place of business in Louisa, Virginia." SAC ¶¶ 1 and 2. As more fully set forth below, the application of Virginia Law is proper and Counts I and III must be dismissed with prejudice.

More, Andris has still not pled a plausible basis for standing. Andris is seeking relief in Count V (Fraudulent Misrepresentation), Count VI (Negligent Misrepresentation), and Count VIII (Rescission). Those counts should be dismissed because they are breach of contract allegations disguised as fraud claims.

Additionally, those Counts are belied by the plain language of the Agreement and Guaranty, whereby Plaintiffs represented that they were not relying on any representations made by CSB other than what was contained in those agreements.

## LEGAL ARGUMENT

### I. Standard for Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### II. Count I must be dismissed because Virginia Law, not Florida Law, applies.

Count I is brought on behalf of Avondale and is a claim for criminal usury pursuant to Fla. Stat. § 687.071(2).

Paragraph 27 of the Agreement states:

> This Agreement and all transactions contemplated hereunder and/or evidenced hereby shall be governed by, construed under, and enforced in accordance with the internal laws of the Chosen State.

Pursuant to Paragraph 36.8 of the Agreement, the Chosen State is defined as Virginia. Florida courts "will generally enforce choice-of-law provisions 'unless the law of the chosen forum contravenes strong public policy.'" *Walls v. Quick & Reilly, Inc.*, 824 So.2d 1016, 1018 (Fla. 5th DCA 2002) (quoting *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So.2d 306, 311 (Fla.2000)). Under Florida law,

contractual choice-of-law provisions are presumptively enforceable. *Default Proof Credit Card Sys., Inc. v. Friedland*, 992 So. 2d 442, 444 (Fla. 3d DCA 2008). Here, there are no allegations that Virginia's laws contravene public policy or that Florida public policy would be contravened by applying Virginia Law. Additionally, it is uncontroverted that Avondale is domiciled in Virginia. SAC ¶ 2. As such, there is no viable argument that there is no connection here to Virginia. While CSB may be a Florida limited liability company, the Agreement, entered into between CSB and Avondale, applies the law of the state of one of the parties. More, there are no allegations, because none can be made, that applying Virginia Law would violate Florida public policy. Last, Plaintiffs' allegation that "Andris and Avondale did not knowingly agree to and contract for the Loan Agreement's chosen law to be Virginia" is belied by the fact that they signed the Agreement. *See, Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton*, 467 So. 2d 311 (Fla. 5th DCA 1985) (As a matter of law a party who voluntarily executes a document knowing it is intended to establish contractual relationships between the parties but without reading it is bound by its terms). Accordingly, because Virginia Law governs the parties' Agreement, Avondale's claim for criminal usury under Fla. Stat. § 687.071(2) is legally insufficient and must be dismissed.

More, because the choice of law issue is set forth in the Agreement, which is an exhibit to Plaintiffs' SAC, the choice of law issue is appropriate at this stage of

5

the litigation. *See*, *Flickinger v. Love's Travel Stops & Country Stores, Inc.*, 8:20-CV-2212-T-33CPT, 2020 WL 6484974, at *2 (M.D. Fla. Nov. 4, 2020)) (addressing choice of law issue by finding that "the facts unquestionably favor the application of Georgia substantive law" and citing *In re Takata Airbag Prods. Liab. Litig.*, No. 14-24009-CV-MORENO, 2016 WL 6072406, at *3 (S.D. Fla. Oct. 14, 2016) (finding choice of law issue could be addressed at motion-to-dismiss stage because no further factual development was necessary).

The Agreement and the transactions contemplated thereunder are governed and enforced in accordance with Virginia Law, not Florida Law, as such, Florida's criminal usury statutes are inapplicable. As such, Count I must be dismissed with prejudice.

**III.    Count III must be dismissed because Virginia Law applies to the allegations raised in this Count and therefore a claim for violation of a Florida Statute is improper.**

Avondale's Count III is for alleged violations of Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201). This claim must be dismissed for the same reasons as Count I – the "unconscionable and unfair methods" alleged by Plaintiffs have to do with Plaintiffs' allegations that CSB "charged interest rates higher than the legal limit for non-usurious loans established in Fla. Stat. § 687.03(1)." SAC ¶ 105. More, the fees and charges that Plaintiffs complains about all arise out of the Agreement. As set forth above, the Agreement is governed by

Virginia Law, not Florida Law. As such, Avondale cannot claim that these fees and charges were usurious under Florida Law as Virginia Law governs these transactions. More, because Virginia has no counterpart to FDUTPA, Avondale's statutory consumer protection claim under Florida Law cannot stand.

In its Hail Mary attempt to save this claim, Avondale now alleges additional actions by CSB that allegedly constitute unconscionable and unfair methods. These new allegations and the reasons those claims do not save Count III are addressed below:

- Disguising otherwise usurious interest rate as a weekly service charge (SAC ¶ 106)

    o **CSB Response: the fees and charges that Plaintiffs complain about all arise out of the Agreement. As set forth above, the Agreement is governed by Virginia Law, not Florida Law. As such, Avondale cannot claim that these fees and charges were usurious under Florida Law as Virginia Law governs these transactions.**

- Including a "Virginia choice of law provision in the Loan Agreement, despite the Agreement being drafted and performed in Florida and Guaranty Clauses containing a competing Florida choice of law provision…" (SAC ¶ 107)

- o  **CSB Response: as discussed above, Plaintiffs reside in Virginia. As such, there is a substantial relationship between this transaction and Virginia, so it is not unconscionable to have Virginia Law apply to the Agreement. More, the provisions of the Guaranty do not impact the Agreement. The Agreement contains a conflict of law provision which states that "[u]nless otherwise expressly stated in any other agreement between Purchaser and Seller, if a conflict exists between the provisions of this Agreement and the provisions of such other agreement, the provisions of this Agreement shall control." (Agreement at ¶ 22.1.)**

- Requiring "an additional three 'clearance days,' affecting the fees being charged despite the payments being processed immediately." (SAC ¶ 108)

  - o  **CSB Response: the fees and charges that Plaintiffs complain about all arise out of the Agreement. As set forth above, the Agreement is governed by Virginia Law, not Florida Law. As such, Avondale cannot claim that these fees and charges were usurious under Florida Law as Virginia Law governs these transactions.**

- Calculating "the service fee using the original face amount of the invoice, rather than the diluted value used to calculate advancements made to Avondale." (SAC ¶ 109)

8

- o **CSB Response: the fees and charges that Plaintiffs complain about all arise out of the Agreement. As set forth above, the Agreement is governed by Virginia Law, not Florida Law. As such, Avondale cannot claim that these fees and charges were usurious under Florida Law as Virginia Law governs these transactions.**

- Applying the "late payment fee retroactively, in violation of the process defined in the Loan Agreement…" (SAC ¶ 110)

    - o **CSB Response: the fees and charges that Plaintiffs complain about all arise out of the Agreement. As set forth above, the Agreement is governed by Virginia Law, not Florida Law. As such, Avondale cannot claim that these fees and charges were usurious under Florida Law as Virginia Law governs these transactions.**

For the reasons set forth above, Count III must be dismissed with prejudice.

**IV. Counts V, VI, and VIII must be dismissed because Plaintiffs fail to state a cause of action for fraudulent misrepresentation, negligent misrepresentation, or rescission.**

Plaintiffs fail to state a cause of action for fraudulent misrepresentation, negligent misrepresentation, or rescission. In support of these Counts, Plaintiffs allege CSB made the following misrepresentations:

- CSB "disguised an otherwise usurious rate as a weekly 'service charge'". SAC ¶¶ 120, 131, and 149.

- "that in the event [CSB] charged fees 'transcending the limit of validity,' it would refund 'such excess to Seller.'" SAC ¶¶ 121, 132, and 150.

- "that [CSB] would only charge 0.77% per week with no 'nickel and dime fees.'" SAC ¶¶ 122 and 133.

- "[CSB] stated in the Loan Agreement that it would charge the service charge on the undiluted face amount of the purchased account, or the amount due at time of purchase." SAC ¶¶ 123, 134, and 151.

- "[CSB] stated in the Loan Agreement that the late payment fee would be applied to each subsequent week after the purchased account became due, rather than retrospectively." SAC ¶¶ 124, 135, and 152.

- "[CSB] included a choice of law provision for Florida Law in the Guaranty Clauses, despite the conflicting provision in the Loan Agreement." SAC ¶¶ 125, 136 and 153.

These allegations, even if they were true (which CSB does not concede), are nothing more than allegations of a breach of contract. The failure to carry out a promise is a breach of contract, not actionable fraud. *See*, *La Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710 (Fla. 5th DCA 1998) ("The mere failure to perform a promise or a contractual obligation does not constitute fraud."); *see also*, *Giallo v. New Piper Aircraft, Inc.,* 855 So.2d 1273, 1275 (Fla. 4th DCA 2003) ("A party

cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract.")

To the extent CSB failed to abide by the terms of the Agreement – again, something CSB does not concede – that would give Plaintiffs a claim for breach of contract as these alleged acts were dealt with in the Agreement, not claims for fraudulent or negligent misrepresentations. These allegations are not separate and apart from the Agreement and there are no allegations, because there can be none, that CSB never intended to abide by the terms of the Agreement. Last, the inclusion of Florida as the choice of law provision in the Guaranty cannot be considered a fraudulent or negligent misrepresentation. It simply reflects the agreement of the parties. As such, Plaintiffs do not state a cause of action for fraudulent misrepresentation, negligent misrepresentation, or rescission.

Finally, Andris has no standing to bring any cause of action against CSB as all injuries alleged to have occurred were incurred by Avondale, not Andris. Plaintiffs allege that *Avondale* spent $1,256,964.00 interest payments, *Avondale* was overcharged $192,590.98, and *Avondale* was forced to accept the Promissory Note, which required payment of $657,540.00. SAC ¶ 129, and 141. While CSB does not concede the validity of any of these allegations, all damages asserted belong to Avondale, not Andris. The SAC is devoid of any personal injury suffered by Andris, nor any basis for standing. See, *Stevens v. Lowder*, 643 F. 2d 1078, 1080 (5th Cir.

11

Unit B Apr. 1981) ("An action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation."). There are no allegations that the Guaranty was ever drawn on by CSB or that Andris has suffered any damages. As such, Andris has no standing to bring any claims against CSB.

WHEREFORE, CSB respectfully requests that this Court dismiss Counts I, III, V, VI, and VIII of Plaintiffs' Second Amended Complaint, with prejudice, and award any other relief this Court deems necessary and proper.

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by using the CM/ECF system on September 18, 2025 on all counsel or parties of record on the Service List below:

|  |  |  |
|---|---|---|
|  | **LOREN & KEAN LAW** <br> Attorneys for CSB <br> 7121 Fairway Drive, Suite 104 <br> Palm Beach Gardens, FL 33418 <br> Phone:  (561) 615-5701 <br> Fax:     (561) 615-5708 |  |
|  |  |  |
|  | *s/ Allen J. Heffner* |  |
|  | **ALLEN J. HEFFNER** <br> Florida Bar No. 84252 <br> aheffner@lorenkeanlaw.com <br> mmarin@lorenkeanlaw.com |  |
|  | *s/ Bruce E. Loren* |  |
|  | **BRUCE E. LOREN** |  |

<tr></tr>

|  | Florida Bar No. 947105 |  |
|--|--|--|
|  | bloren@lorenkeanlaw.com |  |
|  | clucht@lorenkeanlaw.com |  |

## Local Rule 3.01(g) Certification

I certify that prior to filing this Motion, on September 18, 2025, I discussed the relief requested by this Motion with counsel for Plaintiffs by telephone and Plaintiffs' counsel does not agree with the relief sought in the Motion.

| *s/ Allen J. Heffner* |
|--|
| **ALLEN J. HEFFNER** |