## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

ROBERT J. ANDRIS and
AVONDALE DÉCOR, LLC

      Plaintiffs,

                                  CASE NO. 2:25-cv-450-JES-NPM

v.

CAPITAL SOLUTIONS BANCORP LLC,

      Defendant.

_____/

### DEFENDANT'S PARTIAL MOTION TO DISMISS COUNT VII OF PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Capital Solutions Bancorp, LLC ("CSB"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Count VII of plaintiffs', Avondale Décor, LLC ("Avondale") and Robert J. Andris ("Andris") (collectively, "Plaintiffs") Third Amended Complaint (the "TAC")[1] and states as follows:

This action arises out of an accounts receivable purchase agreement between CSB and Avondale (the "Agreement"). Pursuant to the Agreement, Avondale

---

[1] CSB has not yet submitted its Answer to the remaining count of Plaintiffs' TAC. CSB reserves the right to respond to the remaining counts of the TAC after the disposition of this Motion. *See Ferk v. Mitchell*, 14–cv–21916, 2014 WL 7369646, *4 (S.D. Fla. Dec. 29, 2014); *see also Beaulieu v. Bd. Of Trustees of Univ. of West Florida,* Case No. 3:07–cv–30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) ("a party need not file an answer while a partial motion to dismiss is pending…").

agreed to sell, and CSB agreed to purchase, certain of Avondale's Accounts (as defined in the Agreement) and Avondale granted to CSB a continuing security interest in and to the Collateral (as defined in the Agreement) now owned or hereafter acquired by Avondale. Additionally, Andris executed and delivered to CSB an Individual Guaranty and Security Agreement (the "Guaranty"), whereby, among other things, Andris unconditionally and irrevocably guaranteed to CSB the prompt payment and performance of the Guaranteed Obligations (as defined).

Plaintiffs initiated this action, largely challenging the fees charged by CSB as criminally usurious under Florida Law and alleging that CSB breached the Agreement by overcharging fees.

If these issues sound familiar, it is because on August 18, 2025, this Court entered an Opinion and Order granting CSB's Partial Motion to Dismiss relating to the same issues (the "First Order"). In the Order, the Court agreed with CSB's argument that Virginia Law applies to this transaction and as Virginia Law does not apply usury to transactions exceeding $5,000.00, the Court dismissed those counts without prejudice. Additionally, the Court held that Andris lacked standing to bring any cause of action against CSB as the alleged damages, to the extent that any exist, were incurred by Avondale, not Andris.

After filing their Second Amended Complaint, CSB filed a Partial Motion to Dismiss and on January 21, 2026, the Court entered an Order dismissing certain

2

counts of the Second Amended Complaint, <u>with</u> prejudice, including all claims brought by Andris, individually (D.E. 29 the "Second Order"). Notably, in the Second Order the Court held that Andris had not plausibly pled standing finding no personal injury alleged as to Andris separate from Avondale.

Plaintiffs have now filed their Third Amended Complaint, including a count for violation of FDUTPA (Count VII), brought by Andris, individually. Andris has still not pled a plausible basis for standing. More, in the TAC, Andris alleges that "as a result of these unfair and unconscionable acts, Capital Solutions has caused Andris to suffer damages, being forced to personally guaranty $1,256,964.00 in usurious interest payments, being charged incorrect retroactive late payment fees, being otherwise overcharged $192,590.98 through the term of the Loan Agreement, and being forced to accept the usurious Promissory Note, which required payment of $657,540.00." TAC ¶ 144. This highlights the fact that Andris has not suffered any damage and as the Court previously ruled that "Andris can only have personal liability under the Guaranty, which has not been drawn on." D.E. 29, page 24.

Count VII should be dismissed with prejudice because it merely repackages the same injuries and the same conduct that this Court has already held belongs to Avondale and is governed by Virginia Law. Substituting Andris's name for Avondale's does not cure the fundamental deficiencies the Court identified in its prior Orders.

# LEGAL ARGUMENT

## I.      Standard for Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

## II.     Count VII must be dismissed because Andris has no standing.

This Court has twice held that Andris has not alleged any personal injury separate from injuries incurred by Avondale. Andris has no standing to bring any cause of action against CSB as all injuries alleged to have occurred were incurred by Avondale, not Andris. Andris alleges he suffered damages, being forced to personally guarantee $1,256,964.00 and a $657,540.00 promissory note. TAC ¶ 144. As this Court has previously ruled, "Andris can only have personal liability under the Guaranty, which has not been drawn on." D.E. 29, page 24. CSB has not drawn on the Guaranty and CSB is not seeking relief under the Guaranty. The TAC is devoid of any personal injury suffered by Andris, nor any basis for standing. See, *Stevens v. Lowder*, 643 F. 2d 1078, 1080 (5th Cir. Unit B Apr. 1981) ("An action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation."). There are no allegations

that the Guaranty was ever drawn on by CSB or that Andris has suffered any damages. As such, Andris has no standing to bring any claims against CSB.

Plaintiffs have simply relabeled Avondale's injuries as Andris's by inserting the phrase that Andris was "forced to personally guaranty" before dollar amounts that the TAC itself alleges were paid by Avondale. Being "forced to personally guaranty" an obligation is not the same as paying it. The Guaranty has not been drawn on. Andris has not been called upon to make any payment under the Guaranty. Contingent exposure under an undrawn guaranty is not "actual damages" under FDUTPA. *See* Fla. Stat. § 501.211(2) (private FDUTPA action requires showing of "actual damages"); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (To have standing to bring a FDUTPA claim, a party must have suffered actual damages.).

Because Andris has not alleged any actual, personal monetary loss, only Avondale's alleged losses repackaged under the label of guarantor exposure, Count VII fails to state a claim and should be dismissed, with prejudice.

WHEREFORE, CSB respectfully requests that this Court dismiss Count VII of Plaintiffs' Third Amended Complaint, with prejudice, and award any other relief this Court deems necessary and proper.

5

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by using the CM/ECF system on July 8, 2026 on all counsel or parties of record on the Service List below:

| | | |
|---|---|---|
| | **LOREN & KEAN LAW** | |
| | Attorneys for CSB | |
| | 7121 Fairway Drive, Suite 104<br>Palm Beach Gardens, FL 33418 | |
| | Phone: (561) 615-5701<br>Fax: (561) 615-5708 | |
| | | |
| | *s/ Allen J. Heffner* | |
| | **ALLEN J. HEFFNER** | |
| | Florida Bar No. 84252 | |
| | aheffner@lorenkeanlaw.com | |
| | mmarin@lorenkeanlaw.com | |
| | *s/ Bruce E. Loren* | |
| | **BRUCE E. LOREN** | |
| | Florida Bar No. 947105 | |
| | bloren@lorenkeanlaw.com | |
| | clucht@lorenkeanlaw.com | |

## Local Rule 3.01(g) Certification

I certify that prior to filing this Motion, on July 8, 2026, I discussed the relief requested by this Motion with counsel for Plaintiffs and Plaintiffs' counsel does not agree with the relief sought in the Motion.

| |
|---|
| *s/ Allen J. Heffner* |
| **ALLEN J. HEFFNER** |

6