UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AVONDALE DÉCOR, LLC, and
ROBERT ANDRIS,

Plaintiffs,

v. Case No. 2:25-cv-640-KCD-NPM

CAPITAL SOLUTIONS BANCORP,
LLC,

Defendant.
_______________________________/

**ORDER**

Defendant Capital Solutions Bancorp, LLC hopes that the third time is the charm to dismiss with prejudice Plaintiffs' claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). (Doc. 41.)[1] The first motion resulted in a dismissal without prejudice because the Court found that Plaintiff Avondale Décor, LLC's 2019 Loan Agreement was governed by Virginia's usury law. (Doc. 17.) The second motion ended with the same result—*i.e.*, Virginia law, not Florida law applies. (Doc. 29.) In the latest complaint, however, the FDUTPA claim is no longer Avondale's. It now belongs to Plaintiff Robert Andris, suing in his individual capacity. And he grounds his claim not in the Virginia-governed 2019 loan agreement, but in the Individual

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Guaranty and Security Agreement—a contract he executed and governed squarely by Florida law.

## I. Background

This case starts in 2019. Avondale entered into an Accounts Receivable Purchase Agreement with Capital Solutions. Though that primary agreement was subject to Virginia law, Capital Solutions required Avondale's owner, Andris, to concurrently sign an Individual Guaranty and Security Agreement (the "Guaranty"). Under its terms, Andris made himself personally on the hook for any accounts receivable in default. The instrument operated as a "guaranty of payment and not a guaranty of collection." It imposed obligations on Andris that were direct, primary, and independent of Avondale's own obligations. (Doc. 25-1 at 27-28.) The Guaranty contains a Florida choice-of-law provision.

By late 2023, Avondale and Capital Solutions agreed to a Secured Promissory Note to pay the outstanding balance on all remaining invoices and discontinue further transactions. The Promissory Note reflected a balance of $657,540.00, and a payment schedule divided this balance into principal and interest payments as a "loan." The Promissory Note was amended by agreement, and Avondale has so far paid $617,070 of the total, including over $200,000 in interest payments.

In Count VII of the current complaint, Plaintiffs allege that Capital Solutions violated FDUTPA through a series of deceptive and unconscionable

business practices. According to Plaintiffs, Capital Solutions' business model is a bait-and-switch: the company publicly advertised that it assumed all risk of non-payment, only to quietly demand that Andris personally guarantee the financing anyway. The alleged deception goes further. Plaintiffs claim Capital Solutions disguised a usurious interest rate as a weekly "service charge" to dodge Florida law. The scheme allegedly included padding the arrangement with three phantom "clearance days" to inflate fees, calculating the service fee based on the original invoice face amounts rather than the diluted values actually advanced, and retroactively applying late fees to accounts that were not even past due.

It is asserted that Andris suffered damages for being "forced to personally guaranty $1,256,964.00 in usurious interest payments, being charged incorrect retroactive late payment fees, being otherwise overcharged $192,590.98 through the term of the Loan Agreement, and being forced to accept the usurious Promissory Note, which required payment of $657,540.00." (Doc. 40 ¶ 144.)

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The question at this stage is not whether the plaintiff will ultimately win, but simply whether the complaint can proceed into discovery.

At this starting gate, we must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). That benefit of the doubt, however, has limits. The court is not bound to accept legal conclusions dressed up as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not unlock the courthouse doors. *Id.* In short, the plaintiff must tell a factual story that makes the defendant's liability plausible, not just point a finger and recite the law. *See, e.g.*, *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. Discussion

Capital Solutions offers a straightforward argument: Andris lacks standing because he has not suffered any actual harm. Leaning on this Court's prior order, Capital Solutions points out that we previously found "no personal injury alleged as to Andris separate from Avondale," noting that his exposure remains entirely theoretical because the Guaranty "has not been drawn on." (Doc. 29 at 24.) Andris, of course, sees it differently. He claims actual, concrete

damages. And even if this monetary theory falls short, he argues that his pursuit of equitable relief keeps his claim alive.

"FDUTPA prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860 (11th Cir. 2023). To state a claim, Andris must allege "(1) a deceptive or unfair act in the conduct of trade or commerce; (2) causation; and (3) actual damages." *Id.* A trade or commerce means advertising, soliciting, offering, or otherwise of any good or service. Fla. Stat. § 501.203(8). "Causation under FDUTPA must be direct, rather than remote or speculative." *Stewart Agency, Inc. v. Arrigo Enters., Inc.*, 266 So. 3d 207, 213 (Fla. Dist. Ct. App. 2019).

While a plaintiff does not have to be a consumer, there must be proof of *"an injury or detriment to consumers* in order to satisfy all of the elements of a FDUTPA claim." *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. Dist. Ct. App. 2015). Damages cannot include consequential or special damages. *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008). FDUTPA also does not "provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. Dist. Ct. App. 2006). "[R]egardless of whether an aggrieved party can recover 'actual damages' under section

501.211(2), it may obtain injunctive relief under section 501.211(1)." *Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc.*, 123 So. 3d 1149, 1152 (Fla. Dist. Ct. App. 2012). "To obtain a declaratory judgment or injunction, an entity must show that it is aggrieved by a violation of FDUTPA." *Stewart Agency,* 266 So. 3d at 214.

Plaintiffs' complaint drops a footnote that their FDUTPA claim is brought by "Andris individually pursuant to this Court's previous holding that the personal guarantee obligation is governed by Florida law." (Doc. 40 at 18 n.2.) But changing the plaintiff in the caption does not change the substance of the pleading. The incorporated facts still revolve entirely around the 2019 Loan Agreement. And the FDUTPA claim itself fares no better. A side-by-side comparison reveals that Plaintiffs merely crossed out "Avondale" and penned in "Andris" as the consumer; the next four paragraphs are carbon copies of the prior, dismissed complaint. (Doc. 25 at 14.)

To be fair, Plaintiffs did add three new paragraphs (135 through 137). These additions pull text from the Guaranty to allege that Capital Solutions acted unconscionably by publicly boasting "we take the loss, not you," while simultaneously requiring Andris to sign a personal guaranty. (Doc. 40 at ¶ 135.) But beyond that minor change, the rest of the count is practically identical to its predecessor. (*Compare* Doc. 25 at 105-110, 112¶¶ *with* Doc. 40 at ¶¶ 138-143, 145.) Even the damages paragraph simply swaps out Avondale

for Andris, asserting that he was "forced to accept the usurious Promissory Note, which required payment of $657,540.00." (*Id.* at ¶ 111 & ¶ 144.) The Secured Promissory Note is signed by Andris as Vice President of Avondale with the payments scheduled for *Avondale* to pay in installments, not Andris. (Doc. 25-5, 25-6.) Setting aside the absence of an allegation of injury to consumers, unless and until Avondale defaults and Capital Solutions comes to Andris to collect, any damages are speculative. Plaintiffs cannot state a cause of action without suffering actual damages. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir. 2021).

## IV. Conclusion

Plaintiffs urge that this dismissal should be without prejudice, noting that a dismissal for lack of standing is not a decision on the merits. As a general matter, that is right. But this is now Plaintiffs' third attempt to state a viable claim, and the fundamental defects remain uncured. At some point, the pleading stage must end. Because Plaintiffs have demonstrated their inability to plead a claim under FDUPTA despite multiple opportunities to do so, this dismissal will be with prejudice.

Accordingly, the Partial Motion to Dismiss Count VII (Doc. 41) is **GRANTED** and Count VII of the Third Amended Complaint (Doc. 40) is dismissed with prejudice. Capital Solutions must answer the surviving claims

within fourteen days. The Clerk shall withhold entry of judgment until the conclusion of the case.

**ORDERED** in Fort Myers, Florida on August 18, 2026.

Kyle C. Dudek
United States District Judge