**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

AVONDALE DÉCOR, LLC

Plaintiffs,

v. CASE NO. 2:25-cv-450-JES-NPM

CAPITAL SOLUTIONS BANCORP LLC,

Defendant.
________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**

Defendant Capital Solutions Bancorp, LLC ("CSB"), files its Answer and Affirmative Defenses to plaintiff's, Avondale Décor, LLC's ("Avondale" or "Plaintiff") Third Amended Complaint[1] and states as follows:

## PARTIES

1. CSB is without knowledge as to the allegations made in paragraph 1 and therefore denies same.

2. CSB is without knowledge as to the allegations made in paragraph 2 and therefore denies same. More, Andris is no longer a party to this action.

[1] On August 18, 2026, the Court entered an Order granting CSB's Motion to Dismiss Count VII of Plaintiff's Third Amended Complaint, with prejudice. As such, Robert Andris has no claims in this action.

3. CSB admits the allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4. CSB admits Plaintiffs seek damages in excess of $75,000 but denies that Avondale is entitled to any relief from CSB.

5. CSB admits that venue is proper.

6. CSB denies the allegations contained in paragraph 6.

## FACTS

### I. Background

7. CSB is without knowledge as to the allegations made in paragraph 7 and therefore denies same.

8. CSB denies the allegations contained in paragraph 8 as phrased. CSB admits that it is a factoring company.

9. CSB denies the allegations contained in paragraph 9.

10. CSB admits the terms on its website speak for themselves, but denies the remaining allegations contained in paragraph 10.

11. CSB admits the terms on its website speak for themselves, but denies the remaining allegations contained in paragraph 11.

12. CSB denies the allegations contained in paragraph 12.

### II. The Loan Agreement

13. CSB admits that it entered into the Accounts Receivable Purchase Agreement with Avondale, but denies all references to this agreement as a "Loan Agreement." For purposes of this Answer, CSB shall refer to it as the "Agreement", and nothing contained herein shall be construed as acknowledgement that the Agreement was a loan agreement.

14. CSB denies the allegations contained in paragraph 14.

15. In response to the allegations contained in paragraph 15, CSB admits Ex. 1 speaks for itself, but denies the remaining allegations.

16. In response to the allegations contained in paragraph 16, CSB admits Ex. 1 speaks for itself, but denies the remaining allegations.

17. CSB denies the allegations contained in paragraph 17.

18. CSB denies the allegations contained in paragraph 18.

19. CSB denies the allegations contained in paragraph 19.

20. In response to the allegations raised in paragraph 20, CSB admits the terms of the Agreement speak for themselves but denies the remaining allegations.

21. CSB denies the allegations contained in paragraph 21.

22. CSB denies the allegations contained in paragraph 22 as phrased.

23. In response to the allegations raised in paragraph 23, CSB admits the terms of the Guaranty speak for themselves but denies the remaining allegations.

24. In response to the allegations raised in paragraph 24, CSB admits the terms of the Guaranty speak for themselves but denies the remaining allegations.

25. In response to the allegations raised in paragraph 25, CSB admits the terms of the Guaranty speak for themselves but denies the remaining allegations.

26. CSB admits the allegations contained in paragraph 26.

27. CSB admits the allegations contained in paragraph 27.

28. CSB denies the allegations contained in paragraph 28.

29. CSB denies the allegations contained in paragraph 29.

30. In response to the allegations raised in paragraph 30, CSB admits the terms of the Agreement speak for themselves but denies the remaining allegations.

31. CSB denies the allegations contained in paragraph 31.

32. CSB denies the allegations contained in paragraph 32.

33. CSB denies the allegations contained in paragraph 33.

34. CSB denies the allegations contained in paragraph 34.

35. In response to the allegations raised in paragraph 35, CSB admits the terms of the Agreement speak for themselves but denies the remaining allegations.

36. In response to the allegations raised in paragraph 36, CSB admits the terms of the Agreement speak for themselves but denies the remaining allegations.

37. In response to the allegations raised in paragraph 37, CSB admits the terms of the Agreement speak for themselves but denies the remaining allegations.

38. CSB denies the allegations contained in paragraph 38.

39. CSB denies the allegations contained in paragraph 39.

40. CSB denies the allegations contained in paragraph 40.

41. In response to the allegations raised in paragraph 41, CSB admits the terms of the Agreement speak for themselves but denies the remaining allegations.

42. CSB denies the allegations contained in paragraph 42.

43. CSB denies the allegations contained in paragraph 43.

44. In response to the allegations raised in paragraph 44, CSB admits the terms of the Agreement speak for themselves but denies the remaining allegations.

45. In response to the allegations contained in paragraph 45, CSB admits that it entered into Exhibit 2 with Avondale.

46. In response to the allegations raised in paragraph 46, CSB admits the terms of the Second Amendment speak for themselves but denies the remaining allegations.

47. In response to the allegations contained in paragraph 47, CSB admits that it entered into Exhibit 3 with Avondale.

48. In response to the allegations raised in paragraph 48, CSB admits the terms of the Third Amendment speak for themselves but denies the remaining allegations.

49. CSB denies the allegations contained in paragraph 49.

## III. <u>Overcharging of the Service Charge</u>

50. In response to the allegations contained in paragraph 50, CSB states that the terms of the Agreement speak for themselves, otherwise, CSB denies the remaining allegations.

51. In response to the allegations contained in paragraph 51, CSB states that the terms of the Agreement speak for themselves, otherwise, CSB denies the remaining allegations.

52. CSB denies the allegations contained in paragraph 52.

53. CSB denies the allegations contained in paragraph 53.

54. CSB denies the allegations contained in paragraph 54.

55. CSB denies the allegations contained in paragraph 55.

56. CSB denies the allegations contained in paragraph 56.

## IV. <u>Retroactive Misapplication of Late Payment Fee</u>

57. In response to the allegations contained in paragraph 57, CSB states that the terms of the Agreement speak for themselves, otherwise, CSB denies the remaining allegations.

58. In response to the allegations contained in paragraph 58, CSB states that the terms of the Agreement speak for themselves, otherwise, CSB denies the remaining allegations.

59. CSB denies the allegations contained in paragraph 59.

60. CSB denies the allegations contained in paragraph 60.

61. CSB denies the allegations contained in paragraph 61.

V. **Secured Promissory Note**

62. CSB is without knowledge as to the allegations contained in paragraph 62, and therefore denies same.

63. In response to the allegations contained in paragraph 63, CSB admits that Avondale delivered to CSB a Secured Note, but denies the remaining allegations.

64. In response to the allegations contained in paragraph 64, CSB states that the terms of the Secured Note speak for themselves, otherwise, CSB denies the remaining allegations.

65. In response to the allegations contained in paragraph 65, CSB states that the terms of the Secured Note speak for themselves, otherwise, CSB denies the remaining allegations.

66. In response to the allegations contained in paragraph 66, CSB states that the terms of the Secured Note speak for themselves, otherwise, CSB denies the remaining allegations.

67. In response to the allegations contained in paragraph 67, CSB states that the terms of the Secured Note speak for themselves, otherwise, CSB denies the remaining allegations.

68. CSB admits the allegations contained in paragraph 68.

69. CSB denies the allegations contained in paragraph 69.

**COUNT I – BREACH OF CONTRACT (Avondale against CSB)**

70. CSB realleges its responses to paragraphs 1-69 as set forth herein.

71. CSB admits that it entered into the Accounts Receivable Purchase Agreement with Avondale, but denies all references to this agreement as a "Loan Agreement."

72. In response to the allegations contained in paragraph 72, CSB states that the terms of the Agreement speak for themselves, otherwise, CSB denies the remaining allegations.

73. In response to the allegations contained in paragraph 73, CSB states that the terms of the Agreement speak for themselves, otherwise, CSB denies the remaining allegations.

74. CSB denies the allegations contained in paragraph 74.

75. CSB denies the allegations contained in paragraph 75.

76. CSB denies the allegations contained in paragraph 76.

77. In response to the allegations contained in paragraph 77, CSB states that the terms of the Agreement speak for themselves, otherwise, CSB denies the remaining allegations.

78. In response to the allegations contained in paragraph 78, CSB states that the terms of the Agreement speak for themselves, otherwise, CSB denies the remaining allegations.

79. CSB denies the allegations contained in paragraph 79.

80. CSB denies the allegations contained in paragraph 80.

## **COUNT II – UNJUST ENRICHMENT (Avondale against CSB)**

81. CSB realleges its responses to paragraphs 1-69 as set forth herein.

82. The allegations raised in paragraph 82 call for a legal conclusion, as such no response is required. To the extent one is required, CSB denies such allegations.

83. CSB denies the allegations contained in paragraph 83.

84. CSB denies the allegations contained in paragraph 84.

85. CSB denies the allegations contained in paragraph 85.

86. CSB denies the allegations contained in paragraph 86.

## **COUNT III – FRAUDULENT MISREPRESENTATION (Avondale against CSB)**

87. CSB realleges its responses to paragraphs 1-69 as set forth herein.

88. CSB denies the allegations contained in paragraph 88.

89. CSB denies the allegations contained in paragraph 89.

90. CSB denies the allegations contained in paragraph 90.

91. CSB denies the allegations contained in paragraph 91.

92. CSB denies the allegations contained in paragraph 92.

93. CSB denies the allegations contained in paragraph 93.

94. CSB denies the allegations contained in paragraph 94.

95. CSB denies the allegations contained in paragraph 95.

96. CSB denies the allegations contained in paragraph 96.

97. CSB denies the allegations contained in paragraph 97.

**COUNT IV – NEGLIGENT MISREPRESENTATION**
**(Avondale against CSB)**

98. CSB realleges its responses to paragraphs 1-69 as set forth herein.

99. CSB denies the allegations contained in paragraph 99.

100. CSB denies the allegations contained in paragraph 100.

101. CSB denies the allegations contained in paragraph 101.

102. CSB denies the allegations contained in paragraph 102.

103. CSB denies the allegations contained in paragraph 103.

104. CSB denies the allegations contained in paragraph 104.

105. CSB denies the allegations contained in paragraph 105.

106. CSB denies the allegations contained in paragraph 106.

107. CSB denies the allegations contained in paragraph 107.

108. CSB denies the allegations contained in paragraph 108.

109. CSB denies the allegations contained in paragraph 109.

110. CSB denies the allegations contained in paragraph 110.

**COUNT V – INJUNCTIVE RELIEF (Avondale against CSB)**

111. CSB realleges its responses to paragraphs 1-69 as set forth herein.

112. In response to the allegations raised in paragraph 112, CSB admits that the Agreement and Note are still in effect.

113. CSB denies the allegations contained in paragraph 113.

114. CSB denies the allegations contained in paragraph 114.

115. CSB denies the allegations contained in paragraph 115.

**COUNT VI – RESCISSION (Avondale against CSB)**

116. CSB realleges its responses to paragraphs 1-69 as set forth herein.

117. CSB denies the allegations contained in paragraph 117.

118. CSB denies the allegations contained in paragraph 118.

119. CSB denies the allegations contained in paragraph 119.

120. CSB denies the allegations contained in paragraph 120.

121. CSB denies the allegations contained in paragraph 121.

122. CSB denies the allegations contained in paragraph 122.

123. CSB denies the allegations contained in paragraph 123.

124. CSB denies the allegations contained in paragraph 124.

125. CSB denies the allegations contained in paragraph 125.

126. CSB denies the allegations contained in paragraph 126.

127. The Court dismissed Count VII of the Third Amended Complaint with prejudice, as such, no response is required to paragraphs 127-145.

## GENERAL DENIAL

CSB denies any allegations contained in Plaintiff's Third Amended Complaint that are not specifically admitted herein. CSB further denies any allegations and requests for relief, including those in Plaintiff's "WHEREFORE" clauses, for which no response is required.

CSB has retained undersigned counsel to prosecute and defend this action and is obligated to pay reasonable costs and fees for same.

## AFFIRMATIVE DEFENSES

CSB asserts the following defenses without assuming the burden of proof where such burden is lawfully borne by Plaintiff.

1. For its first affirmative defense, CSB states that the claims asserted in Count I are barred, in whole or in part, because the service charges, late payment fees, reserves, adjustments, calculations, and other amounts challenged by Avondale were authorized by, consistent with, and/or calculated pursuant to the parties' written agreements, amendments, and agreed course of performance. CSB denies that it breached the Agreement or charged amounts inconsistent with the parties' contractual agreement.

2. For its second affirmative defense, CSB states that Avondale waived the claims and objections now asserted by knowingly accepting advances and other benefits under the parties' agreements, continuing to submit accounts for purchase, making payments and accepting accountings reflecting the challenged calculations and charges, failing to timely object to the same, continuing the parties' contractual relationship for years, executing subsequent amendments, and ultimately entering into the Secured Promissory Note concerning the amounts remaining due.

3. For its third affirmative defense, CSB states that Avondale's claims are barred, in whole or in part, by the applicable statutes of limitation. The Third Amended Complaint challenges transactions, representations, charges, calculations, and conduct dating back to 2019 and continuing over a period of years. Any recovery is limited to claims timely accrued and commenced within the applicable limitations periods.

4. For its fourth affirmative defense, CSB states that Avondale's alleged damages were not proximately caused by any wrongful act or omission of CSB. Further, to the extent Avondale seeks consequential damages, lost profits, lost business opportunities, lost income, insolvency-related damages, or similar relief, such alleged damages are remote, speculative, uncertain, unforeseeable, caused by independent circumstances, and/or otherwise unrecoverable.

5. For its fifth affirmative defense, CSB states that Count II is barred because the matters upon which Avondale bases its unjust-enrichment claim are expressly governed by valid and enforceable Agreement.

6. For its sixth affirmative defense, CSB states that Counts III and IV are barred, in whole or in part, because the duties allegedly breached arise from and are defined by the parties' contractual relationship rather than an independent common-law duty. Avondale's allegations concerning the calculation of service charges, application of late payment fees, refund of allegedly excessive fees, characterization of contractual charges, and other performance under the Agreement merely restate alleged failures to perform contractual obligations and cannot be transformed into independent tort claims.

7. For its seventh affirmative defense, CSB states that the alleged representations concerning the manner in which CSB would perform the Agreement, calculate service charges, apply late payment fees, refund excessive fees, allocate risk, and otherwise perform contractual obligations constitute contractual promises, statements concerning future performance, opinions, legal characterizations, and/or interpretations of the parties' contractual rights and obligations, rather than actionable misrepresentations of existing material fact.

8. For its eighth affirmative defense, CSB states that it did not knowingly make any false representation with the intent to mislead or induce Avondale to act

to its detriment. CSB entered into and performed the transactions pursuant to its good-faith understanding of the parties' agreements and commercial relationship.

9. For its ninth affirmative defense, CSB states that Avondale fails to state a cause of action for injunctive relief. Avondale seeks monetary damages in Counts I through IV for the same conduct it contends warrants injunctive relief and expressly quantifies the amounts allegedly overcharged. Because any alleged injury can be remedied through an award of monetary damages, Avondale cannot establish the absence of an adequate remedy at law necessary for injunctive relief. More, the injuries alleged in the Third Amended Complaint consist principally of monetary charges, payments, expenses, lost income, and lost financial opportunities, all of which are compensable through money damages.

10. For its tenth affirmative defense, CSB states that Avondale's claim for rescission is barred because, after learning or having the means to learn of the facts upon which it now bases rescission, Avondale continued performing under and accepting the benefits of the parties' agreements, executed subsequent amendments, entered into the Secured Promissory Note, subsequently amended that Note, and made substantial payments pursuant thereto. Such conduct constitutes affirmation and ratification of the transactions and is inconsistent with rescission.

11. Discovery is ongoing. CSB reserves the right to amend its Answer to assert additional defenses, counterclaims, setoffs, or other matters revealed through discovery or otherwise permitted by the Federal Rules of Civil Procedure.

**CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served by using the CM/ECF system on August 31, 2026 on all counsel or parties of record on the Service List below:


| | | |
|---|---|---|
| | **LOREN & KEAN LAW** | |
| | Attorneys for CSB | |
| | 7121 Fairway Drive, Suite 104<br>Palm Beach Gardens, FL 33418 | |
| | Phone: (561) 615-5701<br>Fax: (561) 615-5708 | |
| | | |
| | *s/ Allen J. Heffner* | |
| | **ALLEN J. HEFFNER** | |
| | Florida Bar No. 84252<br>aheffner@lorenkeanlaw.com | |
| | mmarin@lorenkeanlaw.com | |
| | *s/ Bruce E. Loren* | |
| | **BRUCE E. LOREN** | |
| | Florida Bar No. 947105 | |
| | bloren@lorenkeanlaw.com | |
| | clucht@lorenkeanlaw.com | |